Rizzo v Progressive Capital Solutions, LLC (2023 NY Slip Op 01948)

Rizzo v Progressive Capital Solutions, LLC

2023 NY Slip Op 01948

Decided on April 13, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 13, 2023

Before: Renwick, A.P.J., Moulton, Shulman, Rodriguez, Pitt-Burke, JJ. 

Index No. 650498/11 Appeal No. 33 Case No. 2022-02170 

[*1]Nicholas P. Rizzo, Plaintiff-Appellant,
v
Progressive Capital Solutions, LLC, Defendant, Gene Weiss, Defendant-Respondent.

Bakal Law PLLC, White Plains (Todd A. Bakal of counsel), for appellant.
Law office of Steven C. Pepperman, New York (Steven C. Pepperman of counsel), for respondent.

Order, Supreme Court, New York County (Andrea Masley, J), entered April 7, 2022, which granted defendant Gene Weiss's motion for, in effect, reargument of his motion to dismiss the action and, upon reargument, granted the motion, unanimously reversed, on the law, with costs, and the action reinstated.
In February 2011, plaintiff commenced this action by summons and motion for summary judgment in lieu of a complaint, pursuant to CPLR 3213, seeking to recover from Progressive Capital Solutions, LLC (Progressive) and defendant, Progressive's guarantor, on a $400,000 promisory note.
On or about April 20, 2011, plaintiff and Progressive entered into a written settlement agreement, whereby Progressive agreed to pay the principal sum with interest in 15 monthly installments, commencing on May 1, 2011. As security for its compliance with the terms of the settlement agreement, Progressive executed a confession of judgment in favor of plaintiff, which was held by plaintiff's attorney as escrow agent, pursuant to the terms of the agreement. Upon Progressive's full and complete compliance with the settlement agreement, plaintiff agreed to discontinue this action with prejudice and release the confession of judgment to Progressive's attorney.
On April 21, 2011, plaintiff's counsel filed a notice of withdrawal of motion, whereby it withdrew its summons and motion for summary judgment in lieu of a complaint without prejudice. In an order dated May 12, 2011, Supreme Court indicated that plaintiff's motion was permitted to be withdrawn, but the court did not notate whether the disposition was final. Notably, a stipulation of discontinuance was not filed subsequent to the notice of withdrawal of motion.
On October 24, 2011, plaintiff filed an affidavit of amount due under confession of judgment in which he alleged that Progressive failed to make payments pursuant to the settlement agreement and authorized the Clerk to enter judgment against Progressive for $385,373.10, with interest continuing to accrue from the date of judgment at nine percent. On or about October 26, 2011, Supreme Court returned plaintiff's certificate requesting entry of judgment for correction.
On October 10, 2014, and pursuant to the settlement agreement, plaintiff sent defendant a notice of default advising that opposition to plaintiff's CPLR 3213 motion was due within 30 days and that the motion would be restored to the court's calendar. The parties then engaged in settlement discussions over the next several years and attended court conferences on this matter.
On or about October 4, 2017, the parties appeared for a preliminary conference where plaintiff contends that he was directed to refile the motion for summary judgment. On December 5, 2017, plaintiff filed a subsequent motion for summary judgment in lieu of a complaint pursuant to CPLR 3213. On February 26, 2018, defendant filed opposition to plaintiff's motion, which included an answer and counterclaims.
In a decision [*2]dated December 31, 2018, Supreme Court granted plaintiff's motion on the issue of liability, and directed that a hearing be held to determine damages and the accrued interest on the note. On February 19, 2019, defendant moved pursuant to CPLR 2221 for leave to reargue and renew his opposition to plaintiff's December 5, 2017 motion. On October 4, 2019, Supreme Court denied defendant's motion.
On January 27, 2020, defendant moved pursuant to CPLR 3211(a)(5) and (a)(8) to dismiss this action based on the expiration of the statute of limitations and lack of personal jurisdiction. On September 8, 2020, Supreme Court denied defendant's motion.
On December 15, 2020, defendant filed a motion pursuant to CPLR 304(a), (c), and 306-b, seeking an order deeming this action a nullity and, pursuant to CPLR 2221, seeking leave to reargue his January 27, 2020 motion. On January 11, 2021, plaintiff filed opposition to defendant's motion.
By order dated April 6, 2022, Supreme Court granted defendant's motion for reargument, and upon reargument, reversed its September 8, 2020 decision and granted defendant's motion to dismiss this action. As relevant to this appeal, Supreme Court found that plaintiff withdrew his CPLR 3213 motion in 2011, a situation that the court equated to a summons being served without a complaint. Supreme Court further opined that because plaintiff did not serve another summons with notice, summons and complaint, or summons with motion in lieu of complaint within a reasonable time after withdrawing the summons and original CPLR 3213 motion in 2011, he failed to do anything before the six-year statute of limitations expired in December 2016. Based on these factors, Supreme Court found that plaintiff abandoned this case in 2011, and that it should therefore be dismissed as a nullity.
Supreme Court incorrectly determined that the action had been rendered a nullity by plaintiff's withdrawal of his initial summons and motion for summary judgment in lieu of a complaint (CPLR 3213), as the parties' course of conduct reflected an understanding that plaintiff was not discontinuing or abandoning the action. Plaintiff withdrew the summons and motion "without prejudice" after reaching a settlement agreement with Progressive and, by contrast, the settlement agreement expressly stated that the matter would be discontinued "with prejudice" upon Progressive's full and complete compliance with its payment obligations. After Progressive defaulted, plaintiff and defendant, participated in further settlement discussions, court conferences, and motion practice for years before defendant invoked the argument that the action had been discontinued or abandoned.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 13, 2023